UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY R., | |
| Plaintiff, | CASE NO. C19-2064-MAT |
| v. | |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for supplemental security income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1975.[1] She completed tenth grade and has two years of college education, and previously worked as an in-home caregiver, food demonstrator,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

1 receptionist, and warehouse worker. (AR 43, 222.)

2 Plaintiff applied for SSI in March 2014. (AR 200-05.) That application was denied and
3 Plaintiff timely requested a hearing. (AR 117-20, 124-29.) In March and December 2016, ALJ
4 Kimberly Boyce held hearings, taking testimony from Plaintiff and a vocational expert (VE). (AR
5 33-85.) In April 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 13-27.)
6 Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in November
7 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

8 Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the
9 ALJ's decision and remanded the matter for further administrative proceedings. (AR 1074-93.)
10 The ALJ held another hearing in August 2019 (AR 1020-40), and subsequently issued a decision
11 finding Plaintiff not disabled. (AR 1002-12.) Plaintiff now seeks judicial review of the ALJ's
12 decision.[2]

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

---

[2] Plaintiff's opening brief lists only one assignment of error: "Whether the ALJ erred at step five of the sequential evaluation process." Dkt. 21 at 1. Plaintiff's brief goes on to assign error to additional parts of the ALJ's decision, namely the ALJ's development of the record, assessment of Plaintiff's testimony, RFC assessment, and assessment of a medical opinion. Dkt. 21 at 4-7. Although Plaintiff attempts to recast these additional arguments as part of the ALJ's step-five findings (Dkt. 26 at 1-2), this is not persuasive. That the ALJ ultimately found Plaintiff not disabled at step five does not transform every alleged error in the decision into a step-five error.

Furthermore, the purpose of the Court's scheduling order (Dkt. 20 at 2) requiring plaintiffs to list all issues beginning on the first page of a brief is to promote clarity and organization, and Plaintiff's opening brief does not clearly list her assignments of error in an organized fashion. Instead, the Commissioner and the Court must hunt through the brief to determine which issues are presented in this case. Counsel is admonished to list all discrete issues beginning on the first page of the opening brief in future cases, in compliance with the scheduling order, to avoid a stricken brief.

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. (AR 1006.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease, fibromyalgia, obesity, chronic obstructive pulmonary disease, asthma, learning disorder, dysthymic disorder, panic disorder, somatoform disorder, and migraine headaches. (AR 1006.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 1006-07.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing sedentary work with additional limitations: she can never climb ladders, ropes or scaffolds; work at unprotected heights; or work in proximity to hazards such as heavy machinery, blades, or dangerous moving parts. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead. She cannot have concentrated exposure to extreme cold, vibrations, and/or respiratory irritants. She can understand, remember, and carry out unskilled, routine, and repetitive work that can be learned by demonstration and in which tasks to be performed are predetermined by the employer. She can cope with occasional work setting changes and occasional interaction with supervisors. She can work in proximity to co-workers, but not in a team or cooperative effort. She can perform work in a workspace to which the general public is not admitted in the ordinary course of business. (AR 1007.)

Plaintiff has no past relevant work (AR 1010), and therefore the ALJ proceeded to step five, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as bench hand, final assembler, laminator, and touch-up screener. (AR 1010-11.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in entering findings at step five and closing the record, also includes additional miscellaneous assignments of error. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Step five

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2). The Dictionary of Occupational Titles (DOT) raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Pursuant to Social Security Ruling (SSR) 00-4p, an ALJ has an affirmative

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

Plaintiff challenges several aspects of the ALJ's step-five findings. First, Plaintiff argues that that the ALJ failed to meet the step-five burden because the jobs identified at step five are inconsistent with Plaintiff's RFC assessment, namely her reaching ability. The ALJ found that Plaintiff was limited to occasional overhead reaching. (AR 1007). The jobs identified at step five all require frequent or constant reaching, but the VE testified that all of these jobs do not typically require *overhead* reaching (which is the only type of reaching limited in the ALJ's RFC assessment), and that any overhead reaching required in these jobs would not exceed occasional. (AR 1035-38.) Plaintiff questions whether this testimony was persuasive to a "reasonable mind" (Dkt. 21 at 9), but has not identified any portions of the VE's testimony that raise legitimate concern. Plaintiff suggests that the VE's testimony is defective because he did not indicate the degree of erosion that would occur due to the reaching limitation (Dkt. 26 at 3), but the VE did not suggest that any of the step-five jobs would, under any circumstances, require more than occasional reaching overhead. (AR 1036.) Thus, the VE did not suggest that any erosion would occur. Because the VE was questioned about a potential conflict between the reaching requirements of the jobs per the DOT and the hypothetical RFC, and offered a reasonable explanation based on his experience and expertise, the ALJ did not err in relying on the VE's testimony to find that Plaintiff could perform the step-five jobs despite her reaching restrictions. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 794 (9th Cir. 1997) (explaining that an ALJ may rely on VE testimony that deviates from the DOT by either making specific findings of fact regarding the claimant's RFC or by drawing inferences from the context of the VE's testimony).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

Next, Plaintiff challenges the foundation for the VE's testimony as to the laminator job, a job which the VE testified he had never observed, but had read about in a report written by his colleagues. (AR 1036.) At the hearing, Plaintiff requested access to that report, but the ALJ declined to require the VE to produce it after reciting the VE's decades of experience that formed his expertise and the foundation for his testimony. (AR 1037-38.) Plaintiff has not shown that the VE's testimony failed to contain sufficient indicia of reliability such that the ALJ erred in failing to require the VE to produce his colleagues' report on the laminator job. *See Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1155-56 (2019).

Furthermore, even if the laminator job should have been eliminated for lack of foundation, the other three jobs relied upon by the ALJ exist in significant numbers independently. (*See* AR 1011 (describing more than 57,000 total bench hand, final assembler, and touch-up screener jobs).) Although Plaintiff urges the Court to consider whether each individual step-five jobs exists in significant numbers, courts aggregate the job numbers to determine whether the Commissioner's burden has been satisfied. *See, e.g.*, *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2017). Thus, even if the laminator job should have been eliminated for lack of foundation, the error would be harmless in light of the number of other jobs identified at step five. *See id*.

Lastly, and for the first time on reply, Plaintiff argues that the ALJ erred in relying on the final assembler job because it is defined as a light job, and the RFC assessment limited Plaintiff to sedentary work. *See* DOT 713.684-018, *available at* 1991 WL 679262 (Jan. 1, 2016). Any error related to this job is harmless because the other jobs relied upon exist in significant numbers even without the final assembler jobs included. Indeed, the bench hand and touch-up screener jobs are so numerous that even if the final assembler *and* laminator jobs had to be excluded due to errors associated with them, the step-five findings would nonetheless remain valid.

For all of these reasons, Plaintiff has failed to show harmful error in the ALJ's step-five findings.

Closing the record

On July 29, 2019, Plaintiff's counsel wrote a letter to the ALJ to explain that some medical records were outstanding. (AR 1234.) Between that date and the August 6, 2019 hearing, Plaintiff submitted some but not all of the outstanding records (AR 1237-84). At the hearing (AR 1023-25) and in the decision (AR 1002-03), the ALJ explained that she found counsel's letter insufficient to establish a compelling reason for the delay in submitting evidence and closed the record at that time.

Plaintiff now argues that the ALJ should not have closed the record because she complied with Social Security Ruling (SSR) 17-4p and because the ALJ referenced Plaintiff's lack of recent treatment in the decision, but if the ALJ had been willing to consider additional evidence, it would have shown that Plaintiff had in fact received treatment. Dkt. 21 at 5.

The Court disagrees with Plaintiff's first argument: that counsel's July 2019 letter satisfies SSR 17-4p. That ruling requires that "it is only acceptable for a representative to inform us about evidence without submitting it if the representative shows that, despite good faith efforts, he or she could not obtain the evidence." 2017 WL 4736894, at *4 (Oct. 4, 2017). Counsel's letter does not describe any particular efforts made to obtain the evidence: she merely claimed that "[a] good faith attempt is being made to obtain these records prior to the hearing." (AR 1234.) The ALJ reasonably found that counsel's letter fails to establish that she actively and diligently sought evidence. (AR 1003).

The ALJ also found that counsel's July 2019 letter had failed to describe the outstanding records with enough detail to permit the ALJ to understand how and why the records were relevant

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

to the disability determination. (AR 1003.) Plaintiff seems to suggest that her counsel's comments at the hearing explained the relevance of the evidence (Dkt. 21 at 5), but those comments were not provided to the ALJ five business days before the hearing, and thus do not satisfy the applicable regulations. *See* 20 C.F.R. §§ 416.912, 416.1435; SSR 17-4p, 2017 WL 4736894, at *3 ("To satisfy the claimant's obligation under the regulations to 'inform' us about written evidence, he or she must provide information specific enough to identify the evidence . . . and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled or blind."). Thus, the Court finds that SSR 17-4p does not provide a basis for finding that the ALJ abused her discretion in closing the record.

As to Plaintiff's second contention — that the ALJ referenced a lack of recent records, even though Plaintiff could have submitted such evidence had the ALJ not closed the record — the ALJ's decision does reference a lack of record support for certain allegations. (AR 1006, 1009.) That the ALJ referenced a lack of record support for certain allegations does not establish error in the ALJ's decision, however. It shows that the ALJ's decision to close the record may have impacted certain findings, but not that the ALJ erred in closing the record. Thus, the Court does not find that the text of the ALJ's decision provides a basis for finding that the ALJ abused her discretion in closing the record.

<u>Miscellaneous assignments of error</u>

Plaintiff references several miscellaneous assignments of error under a section titled "The ALJ's decision was not supported by substantial evidence." *See* Dkt. 21 at 6-7.

First, Plaintiff argues that the ALJ erred in assessing her RFC because the ALJ did not include limitations based on Plaintiff's leg weakness nor limitations related to attendance and

productivity. The ALJ found that Plaintiff's leg weakness was not adequately documented in the record, however, and Plaintiff has not shown that this finding is erroneous.[3] (AR 1006.) That evidence not in the record could establish an impairment related to Plaintiff's leg weakness (Dkt. 21 at 6) does not show that the ALJ erred in finding that the record before her did not adequately establish leg weakness. Furthermore, the miscellaneous objective findings identified by Plaintiff (Dkt. 21 at 6 (referencing positive straight leg test, elevated blood pressure and heart rate, difficulty tandem walking)[4]) do not suggest any particular RFC limitations. Plaintiff also fails to point to any evidence that establishes the existence of attendance or productivity limitations. For these reasons, Plaintiff has failed to show that the ALJ erred in assessing her RFC.

      Plaintiff goes on to contend that the previous court remand order suggested that the ALJ had erred in failing to include limitations caused by Plaintiff's migraines in the RFC assessment. Dkt. 21 at 6-7 (citing AR 1087). Plaintiff is mistaken. The prior court remand order explicitly found that the ALJ provided legally sufficient reasons to discount Plaintiff's alleged limitations caused by her migraines. (AR 1088.) And in the current decision, the ALJ incorporated the prior assessment of Plaintiff's subjective allegations by reference, because it had been affirmed in the prior court remand and the record did not indicate that Plaintiff's symptoms had worsened in the interim time. (AR 1008-09.) Plaintiff has not addressed the ALJ's stated reasoning on this issue

---

[3] Plaintiff contends that evidence before the ALJ establishes that she complained of leg weakness to her primary care provider and was referred to a neurologist for further testing. Dkt. 21 at 6 (citing AR 1260, 1263). The cited pages do not reference either leg weakness or a neurology referral, but a different treatment note does. (AR 1248-51 (May 2019 treatment note).) As noted by the ALJ at the hearing, however, a new diagnosis in June 2019 or later would not satisfy the durational requirement by the time of the ALJ's August 2019 decision. (AR 1024-25.) Thus, Plaintiff has not shown that the ALJ erred in failing to account for the minimal evidence of leg weakness in the record.

[4] Plaintiff also states that the record shows that she had decreased strength, but the cited record references normal muscle strength. Dkt. 21 at 6 (citing AR 1263).

or shown error in this part of the ALJ's decision.

Lastly, Plaintiff argues that the ALJ erred in discounting a treating physician's opinion. Dkt. 21 at 7. Peter Struck, M.D., completed a form opinion in April 2019, describing Plaintiff's symptoms and limitations but leaving blank all sections asking him to list the objective evidence supporting his opinion. (AR 1235-36.) The ALJ gave little weight to Dr. Struck's opinion, finding it inconsistent with the longitudinal medical record showing Plaintiff had improved with treatment and displayed good coordination, strength, and tone. (AR 1009.) Plaintiff baldly states that the ALJ's reasons were insufficient (Dkt. 21 at 7), but fails to explain why, and thus her assignment of error fails. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons."). Furthermore, Plaintiff argues that Dr. Struck's opinion was based on objective evidence "as stated on the opinion form he submitted" (Dkt. 21 at 7), but Dr. Struck did not identify any objective evidence supporting his opinion. (AR 1235-36.) Plaintiff has not shown that the ALJ erred in discounting Dr. Struck's opinion.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 6th day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge